**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOHN DOE, | |
| Plaintiff, | CIVIL ACTION NO. 3:04-CV-2427 |
| v. | (JUDGE CAPUTO) |
| REV. ALBERT M. LIBERATORE, JR., DIOCESE OF SCRANTON, SACRED HEART OF JESUS CHURCH, BISHOP JAMES C. TIMLIN, REV. JOSEPH R. KOPACZ and BROTHER ANTONIO F. ANTONUCCI, | |
| Defendants. | |

**MEMORANDUM**

Presently before the Court is Plaintiff's Motion for Reconsideration (Doc. 106) of the Court's Memorandum and Order (Doc. 103), dated March 19, 2007, in which the Court, inter alia, granted Defendants Diocese of Scranton, Sacred Heart of Jesus Church, Bishop James C. Timlin, Rev. Joseph R. Kopacz ("Diocesan Defendants"), and Brother Antonio F. Antonucci's ("Brother Antonucci") Motions for Summary Judgment (Docs. 75-1, 76) as to Count VII of Plaintiff's Complaint (Intentional Infliction of Emotional Distress). For the reasons stated below, the Court will deny Plaintiff's motion.

**BACKGROUND**

The facts of this action, which is based on Defendant Liberatore's sexual abuse of Plaintiff while Liberatore was a priest, are well known to the parties and are described in detail in the Court's Memorandum and Order (Doc. 103), *Doe v. Liberatore*, --- F. Supp. 2d ----, 2007 WL 809639 (M.D. Pa. Mar. 19, 2007). As such, the Court need not recite them here. Relevant to the instant motion are the following facts.

On November 3, 2006, the Diocesan Defendants and Brother Antonucci filed their

motions for summary judgment (Docs. 75-1, 76) arguing, inter alia, that Plaintiff's claim

for intentional infliction of emotional distress (Count VII) lacked sufficient evidence in the

record.  The Court viewed this argument as raising the issue of whether there was

adequate medical evidence in the record to survive summary judgment.  As outlined in

the Court's Memorandum and Order, there was no competent medical evidence in the

record to support Plaintiff's claim of severe emotional distress. (Doc. 103 at 37-38); *Doe*,

--- F. Supp. 2d ----, 2007 WL 809639, at *20.

Plaintiff now argues that the issue of competent medical evidence was a matter

outside the adversarial issues presented for the Court's consideration of the Dicoesan

Defendant's and Brother Antonucci's motions for summary judgment. (Pl.'s Br. In Supp.

2, Doc. 107.)  Plaintiff has also appended to his brief a substantial amount of medical

evidence in support of his intentional infliction of emotional distress claim. (Docs. 107-2,

-3 and -4.)

## LEGAL STANDARD

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of

Civil Procedure, which allows a party to move to alter or amend a judgment within ten

days of entry. FED. R. CIV. P. 59(e).  The purpose of a motion for reconsideration is to

correct manifest errors of law or fact or to present newly discovered evidence. *Harsco*

*Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985).  A judgment may be altered or

amended if the party seeking reconsideration establishes at least one of the following

grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence

that was not available when the court granted the motion for summary judgment; or (3)

the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's*

*Seafood Café, by Lou-Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A

motion for reconsideration is not to be used as a means to reargue matters already

argued and disposed of or as an attempt to relitigate a point of disagreement between

the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606

(M.D. Pa. 2002). "[R]econsideration motions may not be used to raise new arguments or

present evidence that could have been raised prior to the entry of judgment." *Hill v.*

*Tammac Corp.*, Civ. A. No. 05-1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006).

Lastly, the reconsideration of a judgment is an extraordinary remedy, and such motions

should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504

(M.D. Pa. 1999).[1]

---

[1]Additionally, the Court notes that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A fact is material if proof of its existence or nonexistence might affect the outcome of the suit under the applicable substantive law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law. Where, however, there is a disputed issue of material fact, summary judgment is appropriate only if the factual dispute is not a genuine one. *See id.* at 248. An issue of material fact is genuine if "a reasonable jury could return a verdict for the nonmoving party." *Id.*

Where there is a material fact in dispute, the moving party has the initial burden of proving that: (1) there is no genuine issue of material fact; and (2) the moving party is entitled to judgment as a matter of law. *See* CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2727 (2d ed. 1983). The moving party may present its own evidence or, where the nonmoving party has the burden of proof, simply point out to the Court that "the nonmoving party has failed to make a sufficient showing of an essential element of her case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party, and the entire record must be examined in the light most favorable to the nonmoving party. *See White v. Westinghouse Elec. Co.*, 862 F.2d 56, 59 (3d Cir. 1988). Once the moving party has satisfied its initial burden, the burden shifts to the nonmoving party to either present affirmative evidence supporting its version of the material facts or to refute the moving party's contention that the facts entitle it to judgment as a matter of law. *See Anderson*, 477 U.S. at 256-257.

The Court need not accept mere conclusory allegations, whether they are made in the complaint

## DISCUSSION

The Court will deny Plaintiff's motion for reconsideration. Even assuming, as Plaintiff argues, that the sufficiency of medical evidence was outside the scope of adversarial issues presented for summary judgment, there is insufficient evidence as a matter of law to allow a reasonable jury to find the Diocesan Defendants and Brother Antonucci liable for intentional infliction of emotional distress.

Liability for intentional infliction of emotional distress is limited to those cases in which the conduct complained of is extreme and outrageous. *Dawson v. Zayre Dep't Stores*, 499 A.2d 648, 649 (Pa. Super. Ct. 1985). Extreme and outrageous conduct is conduct which is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." *Strickland v. University of Scranton*, 700 A.2d 979, 987 (Pa. Super. Ct. 1997). Generally, "the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'outrageous'!" *Id.* "It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort." RESTATEMENT (SECOND) OF TORTS § 46 cmt. d (1965). Rather, "recovery for the tort of intentional infliction of emotional distress [has been] reserved by the courts for only the

---

or a sworn statement. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

most clearly desperate and ultra extreme conduct . . . ." *Hoy v. Angelone*, 720 A.2d 745,

754 (Pa. 1998).  It is for the Court to determine, in the first instance, whether the actor's

conduct can reasonably be regarded as so extreme and outrageous as to permit

recovery. *Dawson*, 499 A.2d at 649.  "The requisite 'intention' which one must display for

liability to be imposed is knowledge on the part of the actor that severe emotional distress

is substantially certain to be produced by his conduct." *Hoffman v. Memorial Osteopathic*

*Hospital*, 492 A.2d 1382 (Pa. Super. Ct. 1985) (citing *Forster v. Manchester*, 189 A.2d

147, 151 (Pa. 1963)).

In my Memorandum and Order (Doc. 103), I concluded that there was sufficient

evidence to allow a reasonable jury to award punitive damages, stating that:

> The Diocesan Defendants and Brother Antonucci knew that
> Plaintiff was routinely sleeping in Liberatore's bedroom and
> that Liberatore had taken Plaintiff on several overnight trips.
> The Diocesan Defendants also knew about Liberatore's past
> involvement with [a male seminarian].  Brother Antonucci had
> been told by Plaintiff that Liberatore had touched him in a
> sexual manner.  A reasonable jury could conclude that a
> minor's sleeping in a priest's bedroom and a priest's taking a
> minor alone on overnight trips are facts which create a high
> degree of risk of physical harm to the minor.  The failure to
> end this conduct . . . could reasonably be viewed by a jury as
> reckless.

(Doc. 103 at 55-56); *Doe*, --- F. Supp. 2d ----, 2007 WL 809639, at *30.  However, while

this failure to end Liberatore's relationship with Plaintiff could be viewed as reckless, the

failure to act on the part of the Diocesan Defendants and Brother Antonucci cannot, as a

matter of law, subject them to liability for intentional infliction of emotional distress.

*Jackson v. Sun Oil Co. of Pa.*, 521 A.2d 469, 471 (Pa. Super. Ct. 1987) (there is no

liability for intentional infliction of emotional distress where the claim is based on the

5

failure to act). *See Page ex rel. Page v. School District of Philadelphia*, 45 F. Supp. 2d 457, 469 (E.D. Pa. 1999) (school teachers' omissions to act in failing to prevent assault of student perpetrated by other students did not subject them to liability for intentional infliction of emotional distress).  Plaintiff does not allege nor has offered any evidence that an affirmative or intentional act on the part of the Diocesan Defendants or Brother Antonucci caused him severe emotional distress.  Rather, it was the sexual abuse of Liberatore, that the Diocesan Defendants and Brother Antonucci failed to prevent or cease, which caused Plaintiff severe emotional distress. (*See* Doc. 1 ¶ 87.)  As such, the Diocesan Defendants and Brother Antonucci were properly granted summary judgment as to Plaintiff's intentional infliction of emotional distress cause of action (Count VII).  Consequently, the Court will deny Plaintiff's motion for reconsideration (Doc. 106).

## CONCLUSION

For the above stated reasons, the Court will deny Plaintiff's Motion for Reconsideration (Doc. 106).

An appropriate Order follows.


 May 15, 2007                                              /s/ A. Richard Caputo
Date                                                       A. Richard Caputo
                                                           United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

JOHN DOE,

    Plaintiff,

        v.

REV. ALBERT M. LIBERATORE, JR.,
DIOCESE OF SCRANTON, SACRED
HEART OF JESUS CHURCH, BISHOP
JAMES C. TIMLIN, REV. JOSEPH R.
KOPACZ and BROTHER ANTONIO F.
ANTONUCCI,

    Defendants.

CIVIL ACTION NO. 3:04-CV-2427

(JUDGE CAPUTO)

## ORDER

    **NOW**, this   15th   day of May, 2007, **IT IS HEREBY ORDERED** that Plaintiff's

Motion for Reconsideration (Doc. 106) is **DENIED**.


       /s/ A. Richard Caputo
       A. Richard Caputo
       United States District Judge