**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOHN DOE, | |
| Plaintiff, | CIVIL ACTION NO. 3:04-CV-2427 |
| v. | (JUDGE CAPUTO) |
| REV. ALBERT M. LIBERATORE, et al., | |
| Defendants. | |

## ORDER

**NOW**, this 2nd day of November, 2007, **IT IS HEREBY ORDERED** as follows:

**A.    Plaintiff's Motions in Limine**

1.    Plaintiff's Motion to Bifurcate (Doc. 122) the trial into two phases, namely (1) adjudicating issues of liability, compensatory damages and whether Defendants' actions were sufficiently willful, malicious, wanton or reckless to warrant the imposition of punitive damages, and (2) if the latter were so found, adjudicating the amount of punitive damages is **granted.**

2.    Plaintiff's Motion to Sequester Witnesses (Doc. 120) is **granted**.

3.    Plaintiff's Motion to Call Employees, Agents and Representatives of Defendant Diocese of Scranton as of Cross Examination (Doc. 124) is **deferred** until the time of trial, and will be determined on a witness by witness basis.

4.    Plaintiff's Motion Requesting Jury Charge Prior to Opening and Closing Arguments (Doc. 140) is **granted in part and deferred in part**. The Court will instruct the jury prior to opening statements as it customarily does, and therefore this portion of the motion is **granted**. The portion of the motion which seeks to have the Court instruct the jury

prior to closings is **deferred** until the time of trial. The portion of this motion which seeks to have an instruction regarding an adverse inference regarding the invocation of the Fifth Amendment by Defendant, Albert M. Liberatore, Jr., is dealt with elsewhere in this omnibus order.

5. Plaintiff seeks to preclude Defendants from denying that Defendant, Albert M. Liberatore, Jr., engaged in the criminal acts for which he plead guilty (Doc. 129). This will be **deferred** until the time of trial, as will Defendants' request that the Court give a limiting instruction to the effect that the Liberatore guilty plea is not conclusive as to the Diocesan Defendants with respect to the elements of the claims against them such as knowledge and deliberate indifference.

6. Plaintiff seeks to have defense counsel barred from asking scandalous and impertinent questions about which there is no evidentiary support (Doc. 129). Defendants indicate they do not intend to ask any such questions, and suggest that the matter be left to the professionalism of counsel with Court intervention only if necessary at trial. The Court agrees with the Defendants' suggestion. It will be **deferred** until the time of trial and will arise only if necessary.

7. Plaintiff seeks to preclude the Defendants from calling any witnesses or offering any exhibits (Doc. 129). This motion is **denied**.

8. Plaintiff moves to preclude the Diocese of Scranton from denying ownership of church property (Doc. 129). This will be **deferred** until the time of trial.

9. Plaintiff moves to preclude the Defendants from referencing a witness' religious beliefs for the purpose of suggesting that the witness is truthful or less than truthful

2

(Doc. 129). This matter is governed by Federal Rule of Evidence 610, and will be **deferred** until the time of trial.

10. The Plaintiff's motion to preclude evidence relating to Doe's sexual behavior and/or sexual predisposition (Doc. 129) is **deferred** until the time of trial.

11. Plaintiff's motion to preclude evidence of Doe's mother's "personal life" (Doc. 129) is **deferred** until the time of trial.

12. Plaintiff's motion that Defendants should be precluded from denying that Defendant, Albert M. Liberatore, Jr., remained under the direction and control of the Diocese of Scranton while teaching at the University of Scranton (Doc. 129) is **deferred** until the time of trial.

13. Plaintiff's motion to preclude evidence of a tolling agreement between Doe and the University as not being relevant (Doc. 129) is **granted.**

14. Plaintiff asks for a ruling that the letters from Father Kevin O'Neill and the letter from Rev. Kevin A. Codd are admissible (Doc. 129). The Defendants agree that the letters from Father O'Neill are admissible but object to the letter from Rev. Codd. The ruling on the Codd letter is deferred until the time of trial.

15. The Plaintiff seeks a ruling from the Court that other instances of misconduct involving Defendant, Albert M. Liberatore, Jr., are relevant and admissible (Doc. 129). This matter will be **deferred** until the time of trial. The Court, in its Memorandum and Order of March 19, 2007, has given substantial guidance on what it deems to be admissible by way of other instances of misconduct involving Defendant, Albert M. Liberatore, Jr. Reference to this Memorandum would be useful in securing guidance with respect to this motion.

16.     Plaintiff moves for an order declaring the statements made by Diocesan employees are admissible under Rule 801 (d)(2)(D) of the Federal Rules of Evidence. This issue will be **deferred** until the time of trial and be determined on a statement by statement basis.

17.     Plaintiff seeks to preclude Defendants from presenting an expert, Dr. Henry Doyle, to testify that Plaintiff's psychiatric diagnoses are "due partially to the inappropriate sexual behavior of Father Albert Libertatore and partially to unrelated personal and family issues". Both sides agree that the case law in Pennsylvania is that the defendant takes the plaintiff as the defendant finds him. *See Geyer v. Steinbronn*, 506 A.2d 901, 912 (Pa. Super. Ct. 1986). Allowing this testimony to be considered by the jury on the issue of causation and damage undermines the foregoing principle. The motion will therefore be **granted**, and Dr. Doyle is precluded from testifying as to the quoted conclusion noted herein.

18.     Plaintiff seeks to limit the testimony of the Defendants' expert, Sean Hanahue, to the confines of his expertise. This motion will be **deferred** until the time of trial so as to enable the Court to become more familiar with the area of expertise of Mr. Hanahue.

19.     Plaintiff seeks an adverse inference arising from the Dicoesan Defendants' failure to produce Plaintiff's baptismal records. This will be **deferred** until the time of trial. Moreover, Diocesan Defendants indicate that if the records cannot be found, they will stipulate to the Plaintiff having been baptized into the church.

20.     Plaintiff moves for a jury instruction on adverse inference arising from the invocation of the Fifth Amendment (Doc. 126). Without the agreement of opposing counsel for the use in opening of matters not introduced into evidence (namely the portions of

deposition transcripts where Albert M. Liberatore, Jr. invoked the Fifth Amendment), the Court will not permit the use of such evidence in opening. Moreover, the Court will not give instructions regarding adverse inferences prior to the admission of evidence during the course of the trial. Therefore, the Plaintiff's motion is **denied.**

**B.     Defendants' Motions in Limine**

Defendants have raised a number of motions in limine, and I will now consider those.

1.      Diocesan Defendants seek to preclude the testimony of Plaintiff's expert, Thomas Michael Doyle, in its entirety on the basis that Doyle violated the confidentiality agreement of March 17, 2006 by disclosing Diocesan Review Board Minutes or information contained therein in another matter. The Court has no knowledge of the circumstances, and this matter will be **deferred** until the time of trial.

2.      Diocesan Defendants seek to exclude the testimony of Thomas Michael Doyle concerning their receipt of "credible notice" concerning Albert M. Liberatore, Jr.'s behavior on the grounds that it is inappropriate expert testimony under F.R.E. 701, et seq. The motion is **granted**, and the aforementioned testimony will be excluded.

3.      Diocesan Defendants seek to exclude the testimony of Thomas Michael Doyle to the effect that they violated canon law and civil law by failing to report suspected abuse in an appropriate manner and/or placing Plaintiff in a position of danger after receiving reports that Albert M. Liberatore, Jr. may have sexually abused the Plaintiff. This evidence is clearly within the province of the jury and not in need of any expert testimony to assist the jury. Therefore, the motion will be **granted.**

4.      Diocesan Defendants seek to exclude testimony that Bishop Timlin failed to extend any form of meaningful "pastoral case" to Plaintiff or his family after he became aware of the sexual abuse perpetrated upon Plaintiff. This testimony is both irrelevant and barred by the First Amendment to the United States Constitution, and therefore, the motion will be **granted**.

5.      Diocesan Defendants seek to exclude Thomas Michael Doyle's testimony that Bishop Timlin's response to sexual abuse claims placed others in a position of danger. This is relevant to the issue of conduct giving rise to punitive damages. As to whether Thomas Michael Doyle can testify on this subject will be **deferred** until the time of trial.

6.      Diocesan Defendants seek to exclude testimony of Thomas Michael Doyle concerning the history of "solicitations in the confessional by members of the clergy". This testimony is irrelevant and the motion will therefore be **granted**.

7.      Diocesan Defendants seek to exclude testimony from Thomas Michael Doyle that from the late 19th century into the early 20th century the church leadership adopted a position of secrecy and silence with respect to clergy sexual abuse. This testimony is irrelevant and the motion will therefore be **granted.**

8.      Diocesan Defendants seek to exclude Thomas Michael Doyle's testimony regarding clergy sexual abuse from the early years of the church to the Council to Trent (1545 - 1563). This testimony is irrelevant and the motion will therefore be **granted**.

9.      Diocesan Defendants seek to exclude the testimony of Thomas Michael Doyle concerning the actions and reports of Father Gerald Fitzgerald and the Paraclete Fathers. This testimony is irrelevant and therefore the motion will be **granted**.

10. Diocesan Defendants seek to exclude Thomas Michael Doyle's proposed testimony concerning studies done regarding psychiatric characteristics of candidates and members of the clergy. Apparently, the Plaintiff indicates that no such testimony is going to be offered by Thomas Michael Doyle, and therefore this motion is **denied as moot**.

11. Diocesan Defendants seek to exclude testimony concerning sexual abuse by members of the clergy not affiliated with the Diocese of Scranton. This testimony is irrelevant, and therefore the motion will be **granted**.

12. Diocesan Defendants seek to exclude Thomas Michael Doyle's testimony and all other evidence concerning the incident at the American College in Louvain, Belgium, which occurred after the abuse alleged in this case ended. This evidence is relevant to demonstrate that actions such as were taken subsequent to the notice to the Diocese regarding the activities in Belgium could have been taken earlier. The motion will be **denied.**

13. Diocesan Defendants seek to exclude the testimony of Thomas Michael Doyle regarding the assessment of Defendant, Albert M. Liberatore, Jr., at Southdown, and his subsequent treatment by Dr. John Lemoncelli, both of which occurred after the abuse alleged in this case had ended. This motion will be **denied**.

14. Diocesan Defendants seek to exclude the testimony of Thomas Michael Doyle to the effect that this matter as well as other matters were not referred to the Diocesan Review Board and that such failure was a violation of canon law. This testimony would violate the First Amendment to the United States Constitution, and therefore, the motion will be **granted.**

15.     Diocesan Defendants seek to exclude Thomas Michael Doyle's testimony that Bishop Dougherty's response at his deposition "could lead to his impression that he was either deceptive or suffered from some form of medical disorder that seriously impaired his cognitive functions". The Plaintiff represents no such testimony will be presented, therefore this motion is **denied as moot**.

16.     Diocesan Defendants seek to exclude Thomas Michael Doyle's testimony that Bishop Timlin's appointment of Bishop Dougherty as Vicar General should be called into question. The Plaintiff represents no such testimony will be presented, therefore this motion is **denied as moot**.

17.     Diocesan Defendants seek to exclude the testimony of Thomas Michael Doyle that there is a "common attitude among at least a significant portion of diocesan and religious order priests that sexual abuse of minors is not harmful to some". This testimony lacks foundation by Thomas Michael Doyle's own report. ("It is impossible without a professional research study to determine the level of awareness of priests of the diocese as well as their attitude about clergy sexual abuse.") Moreover, as such, it is irrelevant, therefore the motion will be **granted**.

18.     Diocesan Defendants seek to exclude items from the report of Dr. Ann McCallister which occurred after the alleged abuse of Plaintiff by Defendant, Albert M. Liberatore, Jr. had ended. This will be **deferred** until the time of trial.

19.     Diocesan Defendants seek to exclude Dr. McCallister's proposed testimony that Diocesan officials did not properly respond under canon law or civil law to the information they received concerning Defendant, Albert M. Liberatore, Jr. As to canon law,

8

the motion will be **granted** since it violates the First Amendment to the United States Constitution. As to civil law, the motion will be **granted** since it is not helpful to the jury; the jury is qualified to make that determination based on the instructions given by the Court.

20. Diocesan Defendants seek to exclude testimony that Defendant, Albert M. Liberatore, Jr. was arrested in 2005-06 for Megan's Law violations. This evidence is irrelevant, and therefore the motion will be **granted.**

21. Diocesan Defendants seek to exclude testimony concerning the sexual orientation of Defendant, Albert M. Liberatore, Jr. This matter will be **deferred** until the time of trial. The Court, in its Memorandum and Order of March 19, 2007, has given substantial guidance on what it deems to be admissible by way of other instances of misconduct involving Defendant, Albert M. Liberatore, Jr. Reference to this Memorandum would be useful in securing guidance with respect to this motion.

22. Diocesan Defendants seek to exclude any evidence that Dr. John Lemoncelli may have had a conflict of interest in serving as a member of the Diocesan Review Board and evaluating Defendant, Albert M. Liberatore, Jr. in his private practice since these activities took place after the alleged abuse by Defendant, Albert M. Liberatore, Jr., ended. This matter will be **deferred** until the time of trial.

23. Diocesan Defendants seek to exclude any evidence of any abuse of Plaintiff by Defendant, Albert M. Liberatore, Jr. prior to January, 2001, the earliest time Diocesan officials may have received notice of the abuse. This motion will be **deferred** until the time of trial.

24. Diocesan Defendants' motion regarding Father Ed Williams' email will be **deferred** until the time of trial.

25. Diocesan Defendants request an *in camera* hearing regarding the admissibility of evidence not covered in the motion in limine. This request will be **deferred** until the time of trial.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge
